IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-cv-158-L** |
| **MANSFIELD BARBECUE, LLC, JEFFERY M. BASS, AND HEATHER BASS,** | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Branch Banking and Trust Company's ("Plaintiff" or "BB&T") Motion for Entry of Default and Default Judgment (Doc. 6), filed March 18, 2019. After careful consideration of the Motion, record, and applicable law, the court **grants in part and denies in part** Plaintiff's Motion for Entry of Default and Default Judgment (Doc. 6).

**I.     Background**

On January 18, 2019, BB&T filed its Original Complaint (Doc. 1) seeking relief against Defendants Mansfield Barbecue, LLC, Jeffery M. Bass, and Heather Bass (collectively, "Defendants") for their breach of the promissory note and breach of guaranty. Defendants were served with process on January 24, 2019. Accordingly, their time to file an answer or otherwise respond to BB&T's Complaint was February 14, 2019. At the time of this opinion, Defendants have not filed an answer or otherwise appeared in this action. On March 18, 2019, BB&T filed its Motion for Entry of Default and Default Judgment. The clerk entered a default against Defendants the following day.

## II. Legal Standard – Motion for Default Judgment

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants, and BB&T now requests the court to enter a final default judgment against them.

To date, Defendants have not responded to or otherwise defended against BB&T's Complaint. By failing to answer or otherwise respond to BB&T's Complaint, Defendants have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

### III.     Analysis

In its Complaint, BB&T asserts that it and Mansfield Barbecue, LLC ("Borrower") entered into a business loan, evidenced in part by a promissory note ("Note") for a principal amount of $320,000. Jeffery M. Bass and Heather Bass ("Guarantors") executed guaranty agreements ("Guaranties") in connection with the Note. The Note provides as follows:

> The failure to pay any part of the principal or interest when due on this Note . . . shall be a material default hereunder and this Note and other debts due the bank by any one or more of undersigned shall immediately become due and payable at the option of the Bank without notice or demand of any kind, which is hereby waived.

Doc. 1-1, at 2. The Guaranties cover "all indebtedness, obligations[,] and liability to [the] bank" undertaken on behalf of the Borrower. Doc. 1-2 & 1-3.

BB&T contends that Borrower breached its duties under the Note by failing to make payments since August 2018. Accordingly, it asserts that Borrower's failure to make the required payments triggered the obligations of the Guarantors. On November 9, 2018, BB&T accelerated the debt under the Note, and in a December 12, 2018 letter sent to all defendants, it demanded payment. Despite the notice and demand, Defendants have failed to cure their defaults.

BB&T's breach of promissory note and breach of guaranty claims are essentially breach of contract claims. To prevail on a breach of contract claim, BB&T must prove the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (internal quotations and citations omitted). The court determines that BB&T has sufficiently pleaded each of the elements of its claims. Additionally, as Defendants have failed to file an answer in this action or otherwise appear, they have accepted these well-pleaded allegations as true. Accordingly, the court concludes that Defendants have breached the

Note and Guaranties. The court, therefore, **grants** BB&T's Motion as it relates to BB&T's request for default judgment against Defendants.

## IV. Damages

"A default judgment is a judgment on the merits that conclusively establishes the Defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973). For its breach of promissory note and breach of guaranty claims, BB&T seeks to recover $194,336.13 for actual costs incurred as of March 7, 2019, plus pre- and post-judgment interest based on the contractual per diem rate of $25.83 from March 7, 2019, until paid in full.

The Note provides that "[f]rom and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at a variable rate equal to the Bank's Prime Rate plus 5% per annum." In the Declaration of Susan Hite, she indicates that the "Note increases at the rate of $25.83 per day based on accumulating interest." The court can reasonably infer that the per diem calculation is equal to the per annum calculation, as it relates to interest on the principal balance and accrued interest as of March 7, 2019. Plaintiff also requests postjudgment interest based on the contractual rate.

With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . *including actions based on diversity of citizenship*." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citation and internal quotation marks omitted). A federal court awards postjudgment interest pursuant to 28 U.S.C. § 1961. Accordingly, the court will apply the contractual rate to prejudgment interest on the principal and accrued interest owed under the Note as of March 7, 2019, and apply the applicable federal rate to postjudgment interest, which is currently 1.59% per annum. Thus, based on the

record and applicable law, the court **awards** BB&T $194,336.13, in actual damages as follows: (a) $185, 947.98 for principal owed on the Note as of March 7, 2019; (b) $6,120.79 for accrued and unpaid interest owed as of March 7, 2019; and (c) $2,267.36 for recoverable fees under the Note as of March 7, 2019. The court further **awards** prejudgment interest on the principal and accrued interest as of March 7, 2019, at a rate of $25.83 per diem from March 8, 2019, to October 30, 2019 ($6,121.71); and postjudgment interest at the applicable federal rate of 1.59% per annum.

V.     **Attorney's Fees and Costs**

BB&T requests an award for attorney's fees and costs in the amount of $9,500, for the fees and costs it incurred with respect to its breach of promissory note and breach of guaranty claims, pursuant to the Note, Guaranties, and Texas Civil Practice and Remedies Code § 38.001. The Note provides that [i]f [it] is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal, interest and late fees, if any, all costs of collection, including but not limited to reasonable attorneys' fees." Doc. 1.1, at 3. Similarly, the Guaranties provide that "Guarantor shall be responsible for and shall reimburse the Bank for all costs and expenses (including reasonable attorneys' fees) incurred by the Bank in connection with the enforcement of this Guaranty . . . including without limitation costs and expenses incurred by the Bank in connection with its attempts to collect the indebtedness, obligations, and liabilities guaranteed hereby." Docs. 1-2 & 2-3. Accordingly, the court determines BB&T is entitled to collect reasonable attorney's fees and costs, pursuant to the contracts.

As the Note and Guaranties provide recovery for attorney's fees and costs, the court need not address whether BB&T is entitled to such fees and costs pursuant to Section 38.001 of the

Texas Civil Practice and Remedies Code.[1] The court notes, however, that Section 38.001 does not allow BB&T to recover attorney's fees and costs against Defendant Mansfield Barbecue, LLC, as it is not a corporation.[2] Section 38.001 does, however, allow BB&T to recover from Defendants Jeffery M. Bass and Heather Bass. Thus, the court must determine whether the amount of attorney's fees and costs requested by BB&T is reasonable.

The court determines that an hourly rate is the method that should be used for awarding attorney's fees. According to the Declaration of Sean M. Affleck (Doc. 6, Ex. A), BB&T's counsel, Sean M. Affleck and David Clem,[3] have been licensed in Texas since 2017 and 2005, respectively. Their practice consists primarily of commercial litigation and financial services. Mr. Affleck's hourly rate is $290. Mr. Clem's hourly rate is $349. The court determines that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. Accordingly, the court concludes that the hourly rates of $290, and $349, per hour are reasonable, and that the time expended by counsel was reasonably necessary to prosecute this action.

Based on the invoices provided and Mr. Affleck's Declaration, Plaintiff's counsel declares that as of March 18, 2019, the firm has incurred (1) $4,928.10 in invoiced legal fees; (2) $4,121.90

---

[1] Section 38.001 provides: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for (1) rendered services . . . (8) an oral or written contract."

[2] *See Plain HostingXtreme Ventures, LLC v. Bespoke Grp.*, LLC, 3:14-CV-1471-M, 2017 WL 4012922, at *7 n.12 (N.D. Tex. Aug. 23, 2017), *report and recommendation adopted*, 3:14-CV-1471-M, 2017 WL 3980628 (N.D. Tex. Sept. 11, 2017) (concluding that attorney's fees were not recoverable against a limited liability company under § 38.001 because the term "corporation" does not include limited liability company); *Hoffman v. L & M Arts*, 3:10-CV-0953-D 2015 WL 1000838 at *5 (N.D. Tex. Mar. 6, 2015) (same), *affirmed by*, 838 F.3d 568, 586 (5th Cir. 2016); *see also Greco v. National Football League*, 116 F. Supp. 3d 744, 750 (N.D. Tex. 2015) (denying request for attorney's fees against an unincorporated association under § 38.001).

[3] Mr. Clem is a partner at Johnson Pratt PLLC.

in completed but not invoiced legal fees related to the preparation and filing of this Motion; and (3) $450 in costs and expenses. Doc. 6, Ex. A, at 3. The court determines the fees and costs incurred are reasonable, and, accordingly, BB&T is entitled to an award of attorney's fees in the amount of $9,500.

      BB&T also requests a conditional award of attorney's fees in the following amounts:

(a)     $2,000 in reasonable attorneys' fees in the event a hearing is held on this motion or [] further of this motion is required;

(b)     $3,500 in reasonable attorneys' fees in the event a motion to vacate is filed; and

(c)     $10,000 in reasonable attorneys' fees if an appeal is filed.

Pl.'s Original Compl. 7. Texas law supports a conditional award for appellate fees, but the award must be supported by evidence of the fees' reasonableness. *See Passmore v. Baylor Health Care Sys.*, No. 3:13-CV-5016-P, 2016 WL 8578058, at *2 (N.D. Tex. Jan. 5, 2016) ("[A] trial court's award of conditional appellate attorneys' fees must be supported by evidence of their reasonableness."). While Plaintiff's counsel provides an estimate of fees, he does not provide a basis for the amounts asserted, and the estimates are speculative. Thus, BB&T has failed to demonstrate a reasonable basis for the court to award $10,000 in appellate fees. Additionally, it provides no legal basis as to why it is entitled to a conditional award for a possible hearing on this Motion or in the event a motion to vacate is filed. Moreover, if additional fees are incurred because of a motion to vacate, a subsequent hearing, or an appeal, the issue of attorney's fees can be addressed at that time. For these reasons, the court **denies** BB&T's request for conditional attorney's fees.

## VI. Conclusion

      For the reasons herein stated, the court **denies as moot** BB&T's Motion for Entry of Default and Default Judgment to the extent it requests the clerk to enter a default against the

Defendants, as the clerk has already done so, and no further action is required from the court. Additionally, the court **grants** BB&T's Motion to the extent it seeks a default judgment against Defendants. The court, therefore, **orders** that default judgment be entered for Plaintiff in the amount of $194,336.13, in actual damages as follows: (a) $185, 947.98 for principal owed on the Note as of March 7, 2019; (b) $6,120.79 for accrued and unpaid interest owed as of March 7, 2019; and (c) $2,267.36 for recoverable fees under the Note as of March 7, 2019. Additionally, the court **awards** Plaintiff prejudgment interest at a rate of $25.83 per diem from March 8, 2019, to October 30, 2019 ($6,121.71), on the principal and accrued interest as of March 7, 2019. The court also **awards** Plaintiff reasonable attorney's fees and costs in the amount of $9,500, and postjudgment interest at the applicable federal rate of 1.59% per annum. All other relief sought is herein is **denied.** In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

    **It is so ordered** this 31st day of October, 2019.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge